**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**Charleston Division**

**MARY R. CRADDOCK,**

**Plaintiff,**

**v.** **Civil Action No.** 2:26-cv-00209

**AMERICREDIT FINANCIAL SERVICES, INC.,**
**dba GM FINANCIAL**

**Defendant.**

**NOTICE OF REMOVAL**

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA:

Pursuant to 28 U.S.C. sections 1332, 1441(a) and 1446, Defendant AmeriCredit Financial Services, Inc. dba GM Financial ("GMF") hereby gives notice of the removal of this action from the Circuit Court of Logan County, West Virginia, to the United States District Court for the Southern District of West Virginia, Charleston Division. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because Plaintiff Mary R. Craddock ("Plaintiff") and GMF are citizens of different states and because the amount in controversy exceeds $5,000,000 exclusive of interest and costs. As grounds for removal, GMF states as follows:

## I. BACKGROUND

1. On February 11, 2026, Plaintiff filed a Class Action Complaint (the "Complaint") in the Circuit Court of Logan County, West Virginia, against GMF. The Complaint is captioned *Mary R. Craddock v. Americredit Financial Services, Inc. dba GM Financial* and was assigned Civil Action No. CC-23-2026-C-24 (the "State Court Action"). A true and correct copy of the

State court docket, the Complaint and all other documents served upon GMF are attached hereto as **Exhibit A**. *See* 28 U.S.C. § 1446(a).

2. Through its registered agent, GMF was served with the Complaint on February 17, 2026.

3. This Notice of Removal is timely because it is being filed with the Court within 30 days from the date GMF was served with a copy of the Complaint. *See* 28 U.S.C. §§ 1446(b), 1453(b); *Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

4. The Complaint asserts claims on behalf of Plaintiff and a class of similarly situated individuals for fraud and violations of the West Virginia Consumer Credit and Protection Act ("WVCCPA"), based upon alleged improper fees and excessive interest rates.

5. Plaintiff seeks a myriad of relief for the purported class members, including debt cancellation, actual damages, punitive damages, statutory penalties and attorney fees. *See* **Ex. A**, Compl. ¶¶ 26; 36; 46; 54.

6. GMF denies the allegations set forth in the Complaint, denies that Plaintiff has stated a claim for which relief may be granted, individually or otherwise, and denies that Plaintiff or any member of the purported class has been damaged in any manner.

7. However, presuming, for jurisdictional purposes only, that Plaintiff's claims are valid, the Complaint could have originally been filed in this Court pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(1)-(11) ("CAFA").

8. Accordingly, removal is proper because this Court has original jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. section 1332(d)(2). *See* 28 U.S.C. § 1441.

## II. GROUNDS FOR REMOVAL

9. This Court has original subject matter jurisdiction over Plaintiff's class claims under CAFA.

10. CAFA provides for original jurisdiction in federal court of any claim brought under Federal Rule of Civil Procedure 23 or any similar state statute authorizing a person to represent a class of claimants. *Id.* § 1332(d)(1)(B); *Delebreau v. Bayview Loan Serv., LLC*, No. 6:09-cv-245, 2011 U.S. Dist. LEXIS 4694, at *9 (S.D.W. Va. Jan. 18, 2011). The purported class must have at least one putative member who is of diverse citizenship to the defendant ("minimal diversity"), 100 or more class members, and claims that in the aggregate exceed $5,000,000. *Id.* § 1332(d)(2)(A), (d)(5)(B); *Dominion Energy, Inc. v. City of Warren Police & Fire Ret. Sys.*, 928 F.3d 325, 330 (4th Cir. 2019). A class action filed in state court that satisfies the requirements of section 1332(d) may be removed to federal court. *See* 28 U.S.C. § 1457; *Dominion Energy*, 928 F.3d at 330. Because all the above elements are satisfied, this Court has original subject matter jurisdiction over this case.

11. Plaintiff filed the class claims pursuant to Rule 23 of the West Virginia Rules of Civil Procedure, which governs procedure in the courts of the State of West Virginia. Plaintiff defines the purported classes as follows:

> CLASS ONE: All consumers who on or after December 4, 2021 executed RISC's and other similar financing contracts (hereafter collectively "RISC's") assigned to GM from West Virginia motor vehicle dealers (new and used, collectively "car dealers") that financed overcharges for official fees.
>
> CLASS TWO: All purchasers who on or after February 11, 2024 executed RISC's assigned to GM from West Virginia car dealers that financed overcharges for official fees.
>
> CLASS THREE: All consumers who on or after December 4, 2021, executed RISC's assigned to GM from West Virginia car dealers that financed charges for road hazard contracts.

> CLASS FOUR: All consumers who on or after December 4, 2021 executed RISC's assigned to GM from West Virginia car dealers that charged usurious interest in excess of the 12% per annum maximum rate set by law for amounts in excess of $1,500 in consumer credit sales.

**Ex. A**, Compl. ¶ 9.

12. Plaintiff seeks damages for purported class members, as outlined above, including debt cancellation, actual damages, punitive damages, statutory penalties and attorney fees

**A. Diversity of Citizenship**

13. Minimal Diversity exists between the parties, meaning at least one member of the class of plaintiffs—here, Plaintiff—is a citizen of a state different from GMF. 28 U.S.C. § 1332(d)(2)(A).

14. Plaintiff is a citizen of Logan County, West Virginia. *See* **Ex. A**, Compl. ¶ 55.

15. GMF is a diverse defendant, and a citizen of Texas and Delaware. "For federal diversity jurisdiction purposes, a corporation is a citizen of the states in which it has been incorporated and in which it has its principal place of business" *Cent. W.Va. Energy Co. v. Mt. State Carbon, LLC*, 636 F.3d 101, 102 (4th Cir. 2011). GMF is a Delaware corporation with its principal place of business located in Texas.

16. Accordingly, GMF is a citizen of both Texas and Delaware; therefore, minimal diversity is met. *See* 28 U.S.C. § 1332(d)(2)(A).

**B. Size of Purported Class Exceeds 100 Members**

17. Pursuant to CAFA, there must be at least 100 members in a proposed class for the federal court to have original jurisdiction. *See* 28 U.S.C. § 1332(d)(5)(B).

18. The putative classes have a minimum of 100 members. Plaintiff seeks to represent three statewide classes of individuals and one national class of individuals. Class Three is comprised of a statewide class of individuals who "executed RISC's [sic] assigned to GM from

West Virginia car dealers that financed charges for road hazard contracts." *See* **Ex. A**, Compl. ¶ 9. Further, Plaintiff alleges that the "members of each of the classes are so numerous that joinder of all members in their respective classes is impracticable." *See* **Ex. A**, Compl. ¶ 10.

19. GMF has identified at least 100 members of the purported Class Three that financed road hazard insurance within their RISCs associated with vehicles purchased from Thornhill Superstores, Inc ("Thornhill").

20. Thus, based on the purported Class Three definition in the Complaint, the 100-member threshold required by CAFA is satisfied.

**C. Amount in Controversy Exceeds $5,000,000**

21. This action also satisfies the amount in controversy requirement of 28 U.S.C. § 1332(d)(2).[1]

22. Plaintiff seeks, amongst other things, to recover, for the putative Class Three members, including debt cancellation, actual damages, punitive damages, statutory penalties and attorney fees. *See* **Ex. A**., Compl. ¶ 46.

23. Class Three is comprised of a statewide class of individuals who "executed RISC's [sic] assigned to GM from West Virginia car dealers that financed charges for road hazard contracts." *See* **Ex. A**, Compl. ¶ 9.

24. For Class Three, Plaintiff's demands "release, in whole or in part, [of] any lien upon motor vehicles securing payment of the excessive charges." *See* **Ex. A**., Compl. ¶ 46. Upon review of its business records, GMF has identified that the collective amount financed and secured by

---

[1] By statute, interest and costs are excluded from the calculation of the jurisdictional amount under CAFA. *See* 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.").

liens for the purported Class Three individuals with road hazard insurance within their RISCs associated with vehicles purchased from Thornhill exceeds $5,000,000.

25. Thus, the lien release demanded for Class Three members alone exceeds the $5,000,000 jurisdictional amount. This calculation does not include Plaintiff's allegations of actual damages, punitive damages, statutory penalties, and attorney fees demanded in the Complaint. Accordingly, this case qualifies for federal diversity jurisdiction under CAFA and is properly removable.

## III. <u>ADDITIONAL REQUIREMENTS FOR REMOVAL</u>

26. Venue is proper in this Court because it is the District and Division embracing the place where the State Court Action is pending pursuant to 28 U.S.C. § 1441(a). This action is being removed from the Logan County Circuit Court, which lies within the Southern District of West Virginia, Charleston Division. *See* 28 U.S.C. §§ 93(a), 1441(a) and 1446(a).

27. Pursuant to 28 U.S.C. § 1446(d), copy of GMF's Notice of Filing Notice of Removal is being filed contemporaneously with the Clerk of the Circuit Court of Logan County, West Virginia. A true and correct copy of the Notice of Filing Notice of Removal, without exhibits, is attached as **<u>Exhibit B</u>**.

WHEREFORE, Defendant AmeriCredit Financial Services, Inc. dba GM Financial respectfully gives notice that this action is hereby removed from the Circuit Court of Logan County, West Virginia to the United States District Court for the Southern District of West Virginia, Charleston Division.

Dated: March 18, 2026

**AMERICREDIT FINANCIAL SERVICES, INC.
DBA GM FINANCIAL**

By: /s/ *Jason E. Manning*
Of Counsel

Jason E. Manning (WV Bar No. 11277)
Jonathan M. Kenney (WV Bar No. 12458)
TROUTMAN PEPPER LOCKE LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7500
Facsimile: (757) 687-7510
E-mail: jason.manning@troutman.com
E-mail: jon.kenney@troutman.com

*Counsel for AmeriCredit Financial Services, Inc. dba GM Financial*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of March 2026, I electronically filed the foregoing *Notice of Removal* with the Clerk of the Court using the CM/ECF System. I further certify that a true and correct copy of the foregoing was also served via e-mail to:

Ryan W. Johnson
Johnson Legal Services, PLLC
1049 Market Street
Wheeling, WV 26003
Johnson.legal.services.pllc@gmail.com

J. William St. Clair
P.O. Box 91327
Bexley, Ohio 43209
jwilliamstclair@gmail.com

/s/ *Jason E. Manning*
Jason E. Manning (WV Bar No. 11277)