**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

MARY R. CRADDOCK,

        Plaintiff,

v.                                CIVIL ACTION NO.  2:26-cv-00209

AMERICREDIT FINANCIAL SERVICES, INC.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending is Plaintiff Mary R. Craddock's Motion for Leave to File Sur-Reply. [ECF No. 21]. Defendant did not respond. For the reasons that follow, the Motion, [**ECF No. 21**], is **GRANTED IN PART and DENIED IN PART**.

Although sur-replies are not contemplated as a matter of course by the Federal Rules of Civil Procedure, the court possesses broad discretion to regulate briefing and manage its docket. *See* Fed. R. Civ. P. 83(b). Local Rule of Civil Procedure 7.1(a)(7) provides that "[s]urreply memoranda shall not be filed except by leave of court." S.D. W. Va. LR Civ P 7.1(a)(7). Courts within this district have permitted sur-replies where a reply memorandum raises new factual assertions or legal arguments to which the nonmoving party has not previously had an opportunity to respond. *See e.g.*, *Avani Res. Pte, Ltd. v. Wilson*, No. 2:24-cv-00604, slip op. at 1 (S.D. W. Va. Apr. 22, 2025).

I first note a troubling number of inaccuracies in Plaintiff's characterization of the record and briefing history. In her motion, Plaintiff incorrectly states that "[Defendant's] Reply

substantially expands [its fail-safe class doctrine] argument and cites *Mr. Dee's Inc. v. Inmar, Inc.*, 127 F.4th 925, 931 (4th Cir. 2025)—a 2025 decision not cited in the opening brief—as additional authority." [ECF No. 21, at 3]. That statement is incorrect. Defendant cited *Inmar* in its opening memorandum. *See* [ECF No. 13, at 7 n.5]. While Defendant does cite additional authority in its Reply brief concerning fail-safe classes, it does so only in response to Plaintiff's argument that class certification issues "should be addressed when certification is sought next year." [ECF No. 15, at 8 n.7]. The Reply authority is offered in support of Defendant's contrary position that dismissal at the pleading stage may be appropriate in certain circumstances. [ECF No. 20, at 5 n.4]. Citing additional authority in reply in direct response to arguments raised in an opposition brief does not constitute the introduction of new matter warranting sur-reply. *See Boland v. Amazon.com Sales, Inc.*, 628 F. Supp. 3d 595, 599 (D. Md. Sep. 15, 2022) (explaining that discretion to permit sur-reply is "typically used in the interest of fairness to permit parties to respond to new matters raised for the first time in the opposing parties' reply briefs.").

Plaintiff further contends that *Glover v. EQT Corp.*, 151 F.4th 613 (4th Cir. 2025), and *Vogt v. Progressive Cas. Ins. Co.*, 129 F.4th 1071 (8th Cir. 2025), were cited for the first time in Defendant's Reply. [ECF No. 21, at 3]. The record does not support that contention. Both cases were cited and discussed in Defendant's opening memorandum. [ECF No. 13, at 9 n.6]. Plaintiff acknowledges as much in her Amended Response. [ECF No. 15, at 9 n.9 ("[Defendant's] Memorandum, p. 9, fn.6 cites to *Glover v. EQT Corp.*, 151 F.4th 613, 616 (4th Cir. 2025) and *Vogt v. Progressive Cas. Ins. Co.*, 129 F.4th 1071, 1072 (8th Cir. 2025) as standing for the proposition that fraud claims cannot be brought as class claims because individual questions of reliance will predominate.")].

2

Plaintiff additionally argues that "[Defendant's] Reply improperly relies on a "1999 Executive Order that is neither attached to, referenced in, nor integral to the Second Amended Complaint." [ECF No. 21, at 2]. The Second Amended Complaint, however, expressly references the October 5, 1999 order ("the 1999 order") issued by the West Virginia Lending and Credit Rate Board. [ECF No. 8 ¶ 62].[1]  Defendant likewise referenced that order in its opening memorandum, *see* [ECF No. 13, at 14], and Plaintiff addressed the same order in her response, *see* [ECF No. 15, at 13–15]. Accordingly, Plaintiff had notice of the issue and an opportunity to respond to it in her initial response. Indeed, Plaintiff did address the 1999 order and Defendant's reliance on it. *See id.*

Plaintiff also argues that Defendant improperly advanced a new factual theory by focusing only on $27 of the [$34] overcharge." [ECF No. 21, at 4]. I disagree. Defendant's opening memorandum expressly addressed both the $27 digital titling fee and the $7 temporary registration plate fee, [ECF No. 13, at 6–7], as did Plaintiff's Response, [ECF No. 15, at 8]. Defendant's Reply does not materially alter that argument. [ECF No. 20, at 4–5, 17–18].

The same is true of Defendant's additional case citations. Defendant's reliance on *E. Shore Markets, Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175 (4th Cir. 2000), and *Brister v. All Star Chevrolet, Inc.*, 986 F. Supp. 1003 (E.D. La. 1997), does not justify a sur-reply. *E. Shore Markets*

---

[1] Paragraph 62 of the Second Amended Complaint states, in relevant part:

> 62. Although the West Virginia Lending and Credit Rate Board (the Board) issued an order on October 5, 1999, which purports to allow Thornhill and Car Dealers to charge an alternative interest rate to the rate allowed by W.Va. §46A-3-101(1), with that rate not exceeding 25% per annum, Craddock and Class Four members assert the order does not apply to credit sales within the scope of the WVCCPA, and/or the Board acted ultra vires in issuing that order . . . .

[ECF No. 8 ¶ 62].

was cited for the same pleading-standard principles advanced in Defendant's opening memorandum, while *Brister* merely provides additional persuasive authority for Defendant's existing argument that conclusory allegations concerning what constitutes an "official fee" are insufficient. *See* [ECF No. 13, at 5–8; ECF No. 20, at 3]. Citing additional cases for a proposition already briefed is routine reply practice.

Likewise, Defendant's reliance on *Quicken Loans, Inc. v. Walters for Walters*, 239 W. Va. 494, 801 S.E.2d 509 (2017) and *State ex rel. W. Va. Hous. Dev. Fund v. Copenhaver,* 153 W. Va. 636 (1969), responds directly to arguments Plaintiff raised in her Response. [ECF No. 20, at 14–15]. I also do not agree with Plaintiff that Defendant materially altered its Truth in Lending Act ("TILA") argument in its Reply. *See, e.g.*, [ECF No. 13, at 12; ECF No. 20, at 10]. Finally, to the extent Plaintiff argues that Defendant's reference to *Fidelity Fed. Sav. & Loan Ass'n v. De La Cuesta*, 458 U.S. 141 (1982), constitutes new matter warranting a sur-reply, she cannot claim surprise. Plaintiff first cited that decision in her Response. *See* [ECF No. 15, at 14; ECF No. 20, at 11; ECF No. 21, at 4]. A party does not create a basis for a sur-reply simply because the opposing party responds to authorities or arguments that the party itself introduced.

Nevertheless, I conclude that Defendant's Reply contains limited argument and authority that were not meaningfully developed in its opening memorandum. Plaintiff has demonstrated a limited need to respond, particularly with respect to Defendant's discussion of W. Va. Code § 17A-4A-2a(e). However, substantial portions of the proposed Sur-Reply exceed that purpose and revisit arguments already presented in Plaintiff's Response. I will therefore consider only those portions of the Sur-Reply directed to matters first raised in Defendant's Reply.

Accordingly, Plaintiff's Motion to for Leave to File Sur-Reply, [**ECF No. 21**], is **GRANTED IN PART and DENIED IN PART**. The Clerk is **DIRECTED** to file the Sur-Reply, [**ECF No. 21-2**].

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER:        July 9, 2026

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

5